# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1298
Lower Tribunal No. 19-15393
_____

**C.J., the Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Marcia B. Caballero, Judge.

Law Offices of Roger Ally, P.A., and Roger Ally, for appellant.

Karla Perkins, for appellee Department of Children and Families; and The Carlyle Appellate Law Firm, and Christopher V. Carlyle (Orlando); and Thomasina Moore (Tallahassee), for appellee Statewide Guardian ad Litem Program.

Before HENDON, GORDO, and BOKOR, JJ.

PER CURIAM.

C.J., the Father ("the Father"), appeals from an order adjudicating his infant child, I.J. ("Child"), dependent. We affirm.

The Father contends that the trial court reversibly erred when it found the Child dependent under sections 39.01(15)(a) or (f), Florida Statutes (2020), arguing that the Department failed to establish that the Child was neglected or at imminent risk of neglect as defined in section 39.01(50), Florida Statutes (2020). We disagree.

The testimony at the adjudicatory hearing reflects that the Father has anger issues; the relationship between the Father and the Child's mother, A.P. ("Mother"), is "volatile," including ongoing domestic violence; and the Father and the Mother remain in a relationship. The trial court found that the "volatile relationship" between the Mother and Father creates "an unstable environment for the Child," which "pose[s] a risk to the safety of the Child." Thus, based on the record before this Court and the trial court's findings, we conclude that the trial court's adjudication of dependency as to the Father was supported by competent substantial evidence. See § 39.01(50) (defining "neglect," in part, as permitting a child to live in an environment that "causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired"); see also J.D. v. Dep't of Children & Families, 263 So. 3d 60, 62 (Fla. 4th DCA 2019) ("It is

2

not necessary to establish that the child saw or was aware of the domestic violence for a finding of neglect."); C.J. v. Dep't of Children & Families, 968 So. 2d 121, 123 (Fla. 4th DCA 2007) ("It is not always necessary that a child be physically present in the room in which an incident occurs to demonstrate neglect or risk of neglect.").

Affirmed.